IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILBURN F. MARTIN, | ) | CASE NO. 5:09 CV 2158 |
| | ) | |
| Petitioner, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| MICHELLE EBERLIN MILLER, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Respondent. | ) | |

# Introduction

Before me for report and recommendation is the petition for writ of habeas corpus[1] under 28 U.S.C. § 2254 filed *pro se* by Wilburn Franklin Martin.[2]  Martin is incarcerated at the Belmont Correctional Institution[3] serving a five-year sentence imposed after his 2007 conviction by a Stark County, Ohio, jury on one count of felonious assault, one count of attempted aggravated arson, and one count of attempted arson.[4]  Martin asserts two grounds for relief:  (1) that the proceeding against him violated his Fourteenth Amendment rights because the jury's determination was against the manifest weight of the evidence; and (2) that his appellate counsel was ineffective.[5]  In response, the State acknowledges custody

---

[1] ECF # 1 (Petition).

[2] *Id.*

[3] *Id.*

[4] ECF # 6-1 at 8-11.

[5] ECF # 1 at 3.

of Martin on the specified conviction but contends that the first ground for relief is

non-cognizable and the second is unexhausted, thus Martin's petition should be dismissed.[6]

   For the reasons stated below, I recommend that the petition be dismissed in part and

denied in part.

# Facts

## A.   Trial

   The facts concerning Martin's trial and conviction were set forth by the Ohio Court

of Appeals, Fifth District, affirming the trial court's decision:[7]

> On April 12, 2007, Sherman Laney, who is employed by North Canton transfer
> as a truck driver, was delivering gasoline to the BP Station at 38th Street and
> Cleveland Avenue a little before 3:00 a.m.  Laney had just hooked up the
> hoses from his tanker truck and inserted one end of the hoses into holes
> leading to the underground gasoline storage tanks.  After hooking up the hoses
> in to the no lead gasoline tanks, Laney was walking over to the mid grade
> gasoline tanks when he noticed [Martin] running around the front of the truck
> towards him.  According to Laney, [Martin] "went right to the no lead, went
> to his knees, and stuck his hand right in between the fittings and inside the well
> and acted like he was trying to do something there" (citation omitted).[8]
>
> Laney testified that he then charged [Martin] and told him to get out of there,
> and that [Martin] then said that he wanted a smoke.  The following is an
> excerpt from Laney's testimony at trial.[9]

---

[6] ECF # 6.

[7] ECF # 6-1 at 63.

[8] *Id*. at 64.

[9] *Id*. at 65.

"Then he lit a lighter and went for the no lead.  Uh, he got real close, too close, Uh, you're not even allowed to smoke within 25 feet of us cause the danger of a fire from the fumes.  He got too close.  I got – I pushed him out of the way again.  Then he just wouldn't go away; he just kept coming.  I pushed him, worked him to the end of the truck, and uh, realized I got enough space between him and I realized I had my phone in my pocket so I brought out my phone and dialed 911.  I had it on the green button; I told him you better leave now.  He didn't want to leave, and he told me he would blow us up, blow – he'd blow me up and him too cause he didn't care, he was crazy."[10]

"Uh, and then I just said, Well that's it, I pressed – dialed 911.  I pressed the green button on my phone.  Then he said, Ah you'll be dead before they answer it" (citation omitted).[11]

Laney testified that [Martin] came at him one more time and that he backed off.  [Martin] then "just smirked" at Laney and walked away (citation omitted).[12]

Laney called 911, provided a description of [Martin] and advised the dispatcher of the direction [Martin] was walking.  The Stark County Sheriff was dispatched and found [Martin], who appeared to be intoxicated and whose speech was slurred, walking down Cleveland Avenue.  Laney identified [Martin] as the person who threatened him and filled out a statement.[13]

On cross-examination, Laney testified that he was unable to say whether [Martin] had anything in his hand when [he] went to the fill tank.[14]

Deputy Robert First of the Stark County Sheriff's Office testified that he received a call regarding the BP at 38th and Cleveland Avenue N.W.  Deputy First testified that after another deputy located [Martin] walking down Cleveland Avenue, Deputy First put Laney in his cruiser and drove him

---

[10] *Id.*

[11] *Id*.

[12] *Id*.

[13] *Id*.

[14] *Id*. at 66.

to where [Martin] was located.  Laney then identified [Martin].  Deputy First testified that when [Martin] was patted down, three lighters were found in his right front pocket, but no cigarettes were found.  According to Deputy First, "as we were placing [Martin] back in the car, the only statement he made to us was that alls he wanted was a cigarette, he didn't threaten anybody" (citation omitted).[15]

The next witness to testify was Dan Wright, the safety director for North Canton Transfer, who outlined the dangers associated with delivering gasoline. Wright testified that if there was an explosion at the BP station, the people in the general vicinity would be burned to death and a half mile would have to be evacuated.  According to Wright, the truck that Laney was driving that night was worth approximately $120,00.00 and the truck would be destroyed in an explosion.  Wright further testified that anything within 500 feet of the BP station would be damaged.[16]

[Martin] then took the stand in his own defense.  He testified that he was on his way to McDonald's on April 12, 2007 and that he walked over to Laney and asked him for a cigarette.  He futher testified that he left after Laney told him to do so. [Martin] denied that he ever struck a lighter and denied ever threatening to kill Laney or to kill himself.  He further stated that he did not have cigarettes on him.[17]

At the conclusion of evidence and the end of deliberations, the jury, on July 6, 2007, found [Martin] guilty of all charges.  The jury further found that the value of the property involved was more than $100,000.  Pursuant to a Judgment Entry filed on July 13, 2007, [Martin] was sentenced to an aggregate prison sentence of five years.[18]

---

[15] *Id*.

[16] *Id*.

[17] *Id*.

[18] *Id*. at 67.

**B.     Direct appeals**

Subsequent to the conviction, Martin appealed[19] and raised one assignment of error concerning his trial:[20]

> Whether the jury verdict finding appellant guilty of felonious assault, attempted aggravated arson and attempted arson was against the manifest weight of the evidence in violation of the due process clause of the Fourteenth Amendment to the United States Constitution.[21]

After the state opposed this assignment of error,[22] the Ohio Court of Appeals, Fifth District, on March 2, 2009, affirmed the judgment of the trial court and overruled Martin's assignment of error.[23]

Martin, proceeding *pro se*, thereupon filed a timely notice of appeal in the Supreme Court of Ohio on April 7, 2009.[24]  In his memorandum in support of jurisdiction, Martin asserted the following two propositions of law:[25]

---

[19] Martin's appeal was filed untimely; however, the court granted Martin's motion for leave to file delayed appeal; ECF # 6-1 at 23.

[20] ECF # 6-1 at 16.

[21] *Id*. at 35.

[22] *Id*. at 52.

[23] *Id*. at 63.

[24] *Id*. at 73.

[25] *Id*.

1.   Whether the jury verdict finding Appellant guilty of felonious assault, attempted aggravated arson and attempted arson was against the manifest weight of the evidence in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.[26]

2.   The Appellant was denied his right to due process and effective assistance of appellate counsel.[27]

The record does not reflect that the state responded in opposition to Martin's appeal to the Supreme Court of Ohio. On July 1, 2009, the Supreme Court of Ohio denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question.[28] No writ of certiorari was sought from the Supreme Court of the United States.

## C.   Post conviction relief

On November 15, 2007, Martin entered a petition to vacate or set aside judgment of conviction or sentence in the Court of Common Pleas, Stark County, Ohio.[29] Martin asserted six claims before the trial court:[30]

1.   Petitioner states that the victim committed fraud pursuant to R.C. 2927.24 by falsification, pursuant to R.C. 2921.13; Title 26, 18 U.S.C.A., Section 1001 and due process of the 14th Amendment. Petitioner states that the victim was never assaulted nor sustained injuries, nor did defendant ever attack the truck driver victim, nor light any lighter, nor run around the truck.[31]

---

[26] *Id*. at 80.

[27] *Id*. at 82.

[28] *Id*. at 97.

[29] *Id*. at 98.

[30] *Id*. at 98-105.

[31] *Id*. at 99.

2.   Petitioner asserts that he received ineffective assistance of counsel, pursuant to EC2-30, and EC1-101, by Fraud, Key 3, 16.  Petitioner further asserts that under manifest necessity his counsel was a conflict of interest, in violation of the 6th Amendment.  Counsel's failure to call alibi witnesses was ineffective assistance because counsel's reliance on plea bargain was not rational.  Petitioner asserts that there was a BP gas station attendant that was a woman, that would have seen Mr. Martin run around the gas tanker, or if it were found to be the truth, gas stations attendants would have pick up on Mr. Martin's actions.[32]

3.   Fraud by false statements and perjured testimony, pursuant to 18 U.S.C.A., Sec. 1001.  Petitioner asserts that the alleged victim's testimony were uncorroborate by his statements.[33]

4.   5 Amendment violation of interfering deliberations pursuant to section 2901.255, when the court during deliberations entered jury facilities, without counsel, for discussions outside of open court, violating JJS 14(e) jury facilities.  The court left the bench to have a private discussion with the jury for about five minutes and representing counsel's failure to object.  Then judge came out and called State's prosecutor and Mr. Martin's representing counsel back to the deliberation room outside of court, then the jury came out and render guilty verdict.[34]

5.   Petitioner asserts that his 4th Amendment was violated when he was illegally searched and seized by being restrained of his liberty, by police.  Petitioner states that he lives in the vicinity of BP gas station and is a regular customer at BP gas station that almost goes to BP gas station to purchase their goods and is known as a regular customer there for buying his luxury with sound mind and good attitude.[35]

6.   Article I, Section 10 to the equal protection for insufficient evidence on behalf that the State produce no evidence to the issue and knowingly used false statements and perjured testimony that had a severe effect

---

[32] *Id*. at 100.

[33] *Id*. at 101.

[34] *Id*. at 102.

[35] *Id*. at 103.

> upon the defendants right to a fair trial by jury.  Due process clause of
> the 6 Amendment.  Defendant asserts that he was bias and prejudice by
> the court because he had another case in which he was acquitted and
> that the judge was on the bend of that trial, in which had a personalize
> familiarity of Mr. Martin in which lead to a conflict of interest and bias
> and prejudice judiciary that deprived Mr. Wilburn [sic] of a fair trial by
> jury.[36]

On November 28, 2007, the trial court denied Martin's petition.[37]  Martin did not

appeal the trial court's judgment.

## D.  Motion for judicial release

On August 7, 2009, Martin, *pro se*, filed a timely motion for judicial release in the

trial court.[38]  On August 13, 2009, the court denied Martin's motion for judicial release.[39]

## E.  Federal habeas claim

On September 15, 2009, Martin filed a timely[40] petition seeking a writ of habeas

corpus from this Court on the following two grounds:

> Ground One: State of Ohio, claim through the Stark County Common Pleas
> Court:  went against the manifest weight of the evidence.[41]

---

[36] *Id*. at 104.

[37] *Id*. at 112.

[38] *Id*. at 113.

[39] *Id*. at 118.

[40] ECF # 1.  The present petition was filed within one year of when the Supreme Court
of Ohio entered its decision to deny Martin's motion for leave to appeal on July 1, 2009.
Thus, Martin's habeas petition is timely.

[41] *Id*. at 3.

Supporting Facts: Whether the jury verdict finding petitioner guilty of felonious assault; attempted aggravated arson/attempted arson was against the manifest weight of the evidence in violation of the 14th Amendment to the U.S. Constitution.[42]

Ground Two: Petitioner received ineffective assistance of appellate counsel/rights guaranteed to him under the U.S. Constitution.[43]

Supporting Facts: Whether the Petitioner received ineffective assistance of appellate counsel/rights guaranteed to him by and through the Fifth; Sixth; and 14th Amendment of the United States Constitution.[44]

The State filed a return of the writ[45] contending, as noted previously, that Martin's petition should be dismissed since one claim is non-cognizable and the other not exhausted. The record does not indicate that Martin filed a traverse.

# Analysis

## A.    Preliminary observations

I observe first that Martin is being held pursuant to a judgment of the Stark County Common Pleas Court, and, therefore, this Court may properly exercise jurisdiction over his petition.[46]  Moreover, it does not appear from the record that Martin has previously sought habeas relief on any grounds arising out of this conviction that would preclude the exercise

---

[42] *Id*.

[43] *Id*.

[44] *Id*.

[45] ECF # 6.

[46] 28 U.S.C. § 2241(a) and (d).

of jurisdiction by this Court.[47]  In addition, as previously noted, the petition was timely filed.

Also, I note that Martin has not requested, nor does the record support the need for, an

evidentiary hearing to further develop any factual basis for a claim.[48]  Finally, as will be

developed below, contrary to the State's assertion that one claim for relief is unexhausted,

I will recommend finding that both grounds are fully exhausted and so properly before this

Court.

## B.    Jurisdiction and standard of review

### 1.    *Non-cognizable claims*

The federal habeas statute, by its own terms, restricts the writ to state prisoners who

are in custody in violation of federal law.[49]  Accordingly, it is well-settled that, to the extent

a petitioner claims that his custody is a violation of state law, the petitioner has failed to state

a claim upon which federal habeas relief may be granted.[50]  In such circumstances, a claim

for federal habeas relief based solely on the ground of purported violation of state law is

properly dismissed by the federal habeas court as non-cognizable.[51]

However, a claimed error of state law may nevertheless serve as the basis for federal

habeas relief if such error resulted in the petitioner being denied "fundamental fairness" at

---

[47] 28 U.S.C. § 2244.

[48] 28 U.S.C. § 2254(e)(2).

[49] 28 U.S.C. § 2254(a).

[50] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

[51] *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007).

trial.[52]  The Supreme Court has made clear that it defines "very narrowly" the category of infractions that violate the "fundamental fairness"of a trial.[53]  Specifically, such violations are restricted to offenses against "'some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'"[54]

The petitioner bears the burden of showing that a principle of fundamental fairness was violated.[55]  In so doing, the federal habeas court must follow the rulings of the state's highest court with respect to state law[56] and may not second-guess a state court's interpretation of its own procedural rules.[57]  Further, while in general distinct constitutional claims of trial error may not be cumulated to grant habeas relief,[58] the Sixth Circuit has recognized that "'[e]rrors that might not be so prejudicial as to amount to a deprivation of due process when considered alone, may cumulatively produce a trial setting that is fundamentally unfair.'"[59]

---

[52] *Estelle*, 502 U.S. at 67-68.

[53] *Bey*, 500 F.3d at 522, quoting *Dowling v. United States*, 493 U.S. 342, 352 (1990).

[54] *Bey*, 500 F.3d at 521, quoting *Montana v. Egelhoff*, 518 U.S. 37, 43 (1996).

[55] *Id.*

[56] *Wainwright v. Goode*, 464 U.S. 78, 84 (1983).

[57] *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988).

[58] *Williams v. Anderson*, 460 F.3d 789, 816 (6th Cir. 2006).

[59] *Gillard v. Mitchell*, 445 F.3d 883, 898 (6th Cir. 2006), quoting *Walker v. Engle*, 703 F.2d 959, 963 (6th Cir. 1983).

2.      *De Novo review*

The standard of review dictated by 28 U.S.C. § 2254(d) applies, by its own terms, only to habeas claims that were "adjudicated on the merits in State court proceedings."[60] When a properly presented habeas claim was not adjudicated on the merits in state court, the federal habeas court must apply the pre-AEDPA standard, reviewing *de novo* questions of law and mixed questions of law and fact.[61]

3.      *Ineffective assistance of appellate counsel*

To establish ineffective assistance of counsel under the well-known rubric of *Strickland v. Washington*,[62] a habeas petitioner must meet a two-part test: first, that counsel's performance was deficient, and second, that this deficient performance actually prejudiced the defense so as to render the trial unfair and the result unreliable.[63]  Both prongs of this test must be met to obtain relief; thus, courts need not conduct an analysis of both elements if the petitioner cannot establish a right to relief under one element.[64]  Moreover, this two-prong standard also applies to evaluating the assistance rendered by appellate counsel.[65]

---

[60] 28 U.S.C. § 2254(d); *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003).

[61] *Maples*, 340 F.3d at 436; *Jones v. Bradshaw*, 489 F. Supp. 2d 786, 803 (N.D. Ohio 2007).

[62] *Strickland v. Washington*, 466 U.S. 668 (1984).

[63] *Id*. at 687.

[64] *Id*. at 697.

[65] *Bowen v. Foltz*, 763 F.2d 191, 194 (6th Cir. 1985).

In addressing the "performance" prong of the *Strickland* test, the federal habeas court must start with a presumption that counsel "rendered adequate service and made all significant decisions in the exercise of reasonable professional judgment."[66] As the Supreme Court has emphasized, strategic choices made by counsel after a thorough investigation of the law and facts relevant to possible options are virtually unchallengeable; and strategic choices made after a less than complete investigation are reasonable precisely to the extent that reasonable professional judgment supports the limitations on investigation.[67]

In assessing whether deficient performance prejudiced the defense, the reviewing court must determine "if there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceedings would have been different."[68]  Because virtually every act or omission could have some conceivable effect on the outcome of a proceeding, the "benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."[69]

In the appellate context, the Supreme Court has stated that effective appellate advocacy involves "winnowing out weaker arguments on appeal and focusing on one central

---

[66] *Strickland*, 466 U.S. at 690.

[67] *Id*.

[68] *Id*. at 694.

[69] *Id*. at 697.

issue, if possible, or at most a few key issues."[70]  A litigant on appeal does not have a right to require appellate counsel to make every non-frivolous argument possible, "if counsel decides as a matter of professional judgment not to press those points."[71]  The test for effective assistance here, as with trial counsel, is whether, but for the purported errors of counsel, there is a reasonable probability that the result of the appeal would have been different.[72]

**C.    Analysis**

*1.    The first habeas claim – that the trial court's decision was against the manifest weight of the evidence – should be dismissed as non-cognizable.*

Martin asserts in ground one that his conviction was against the manifest weight of the evidence resulting in purported violations of his Fourteenth Amendment rights.  Insofar as this ground maintains that Martin's conviction was against the manifest weight of the evidence, he states a claim founded solely on state law, which cannot be addressed by a federal habeas court.[73]

The acts of weighing evidence and determining the credibility of witnesses – both inherent in the process of determining whether a conviction is against the weight of the

---

[70] *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983).

[71] *Bowen*, 763 F.2d at 191 n.4 (citing *Jones*).

[72] *Id*. at 194 (citing *Strickland*).

[73] The distinction between federal habeas claims resting on an assertion of insufficient evidence, which would be cognizable here, and those based on the contention that a conviction was against the weight of the evidence, which are not, was clearly summarized by the district court in *Echols v. Houk*, No. C-1-03-66, 2005 WL 1745475, at *3 (S.D. Ohio July 25, 2005).

-14-

evidence – are expressly forbidden to a federal habeas court,[74] which does not function as an additional state court of appeals.[75]  Accordingly, as was stated by the court in *Echols v. Houk*,[76] a claim by a federal habeas petitioner that a conviction was against the manifest weight of the evidence "does not implicate constitutional concerns, but, instead, only raises an issue of state law that is not cognizable in this federal habeas corpus action."[77]

I, therefore, recommend that Martin's first claim that his conviction was against the manifest weight of the evidence be dismissed as non-cognizable.

**2.      *The second habeas claim – that appellate counsel was ineffective – has been exhausted, but should be denied after de novo review.***

*a.      The claim is exhausted*

As is well-established, state prisoners must ordinarily first exhaust available state remedies before seeking federal habeas relief by fairly presenting all their claims to state courts.[78]  Generally, the exhaustion requirement is satisfied when the petitioner presents his federal constitutional claims to the highest court in the state in which the petitioner was

---

[74] *Herrera v. Collins*, 506 U.S. 390, 401-02 (1993); *McKenzie v. Smith*, 326 F.3d 721, 727 (6th Cir. 2003).

[75] *See*, *Reese v. Cardwell*, 21 Ohio Misc. 27, 410 F.2d 1125, 1126 (6th Cir. 1969).

[76] *Echols*, 2005 WL 1745475.

[77] *Id.*, at *3.

[78] 28 U.S.C. § 2254(b), (c); *Rhines v. Weber*, 544 U.S. 269, 274 (2005).

convicted, thereby giving the state a full and fair opportunity to rule on that claim before it is presented to the federal court.[79]

Here, the State argues that Martin's claim that his appellate counsel was ineffective is unexhausted.[80]  The State contends that, rather than originally raising this claim in the Ohio Supreme Court, as Martin did, he should have first raised it as an Ohio Rule of Appellate Procedure 26(B) motion in the appeals court.[81]  The State further asserts that, because Martin may yet file a delayed Rule 26(B) motion in the Ohio appeals court, this claim is unexhausted, and Martin's petition should be dismissed.[82]

I observe initially, as the Sixth Circuit recently reiterated in *Eley v. Bagley*, that Ohio courts rely on *res judicata* to dismiss ineffective assistance of counsel claims raised for the first time in post-conviction petitions where:  (1) the petitioner failed to raise that claim initially on direct appeal, (2) the petitioner is represented by new counsel, and (3) the basis of the claim could be determined from evidence in the record.[83]  Thus, if Martin had not presented his ineffective assistance of appellate counsel claim as part of his direct appeal to the Supreme Court of Ohio, as he did, he risked that a later first-time submission of that

---

[79] *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

[80] ECF # 6 at 24-25.

[81] *Id*. at 24.

[82] *Id*. at 25.

[83] *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010) (citation omitted).

claim in a Rule 26(B) post-conviction motion would be dismissed for *res judicata*, since his claim would have all three elements outlined above justifying dismissal.[84]

Here, I further note that, because Martin actually did present this ineffective assistance claim to the Supreme Court of Ohio, that claim is exhausted for federal habeas purposes, regardless of the fact that it was not addressed.[85]  Moreover, because it was presented to the Ohio Supreme Court on direct review, this claim could not, contrary to the State's assertion, later have been presented to the appellate court in a Rule 26(B) motion.[86]

Accordingly, I recommend that the Court make the predicate finding that this claim has been exhausted for federal habeas purposes in that it was presented to Ohio's highest court as part of the established direct appeal procedure.[87]  In that context, I also recommend that the Court make an additional predicate finding that no further state proceedings are available in Ohio to adjudicate this claim since, as noted, its prior presentation to the Ohio Supreme Court on direct appeal would prelude its later re-submission to the Ohio appellate court as part of a Rule 26(B) motion.  Thus, I recommend concluding that this claim is fully exhausted and properly before the Court for habeas review.

---

[84] *See*, *id.*, citing *Fautenberry v. Mitchell*, 515 F.3d 614, 633 (6th Cir. 2008).

[85] *Clinkscale v. Carter*, 375 F.3d 430, 437-38 (6th Cir. 2004).

[86] *See*, *e.g.*, *State v. Hall*, No. 90365, 2010 WL 457135, at *3 (Ohio Ct. App. Feb. 8, 2010) (citation omitted).  Errors raised in direct appeal are barred from further review by doctrine of *res judicata*.

[87] *O'Sullivan*, 526 U.S. at 842.

b.     *The claim should be denied after de novo review.*

As noted, when a habeas claim was fairly presented to the state court, but not adjudicated on the merits by that court, the federal court reviews the claim *de novo*.  Here, as also noted above, that means applying the well-known test of *Strickland* to Martin's claim that his appellate counsel was ineffective.

In this ground for relief Martin argues that his appellate counsel was deficient for not raising an argument that the conviction was not supported by sufficient evidence.[88] Specifically, after setting forth the two-step test for ineffectiveness contained in *Strickland*, Martin, in his memorandum in support of jurisdiction filed with the Supreme Court of Ohio, stated that "[a]ppellate counsel's failure to raise the issue that the conviction was not supported by sufficient[ evidence] was deficient on the part of appellate counsel[,] and had the claim been presented, it is reasonably likely that it would have been successful."[89]

The State, in its return of the writ, argues that the ineffective assistance claim has no merit for two principal reasons:  (1) Martin's appellate attorney could not have raised this claim on appeal because Martin had not, under Ohio Criminal Rule 29,  moved for acquittal

---

[88] *See*, ECF # 6-1 at 79.  Martin does not explain the basis for his claim of ineffective assistance in his habeas application, but does so in his memorandum in support of jurisdiction submitted to the Ohio Supreme Court.

[89] *Id*.

at the close of the prosecution's case, thus waiving the issue for later appeal;[90] and (2) the state appellate decision shows that there was sufficient evidence to sustain the conviction.[91]

In addressing this issue on *de novo* review, I recommend finding initially that the State's first observation concerning waiver of any right to appeal this issue is well-taken.  In that regard, I note that the trial record in this case shows that Martin did not move for acquittal at the close the prosecution's case.[92]  Moreover, I also note, as discussed above, that failure to move for acquittal at the close of the prosecution's case will preclude raising a claim of insufficient evidence on appeal.  Thus, because appellate counsel cannot be ineffective for not arguing claims that are precluded from appellate review, Martin's appellate counsel here cannot be ineffective for not raising an insufficiency of the evidence argument where no Rule 29 motion for acquittal was made at trial.

In addition, I also recommend as an alternative finding that, even if the insufficiency of the evidence argument could have been made, it would not have altered the result of the appeal.  In particular, as the State noted, although not presented with a sufficiency of the evidence issue, the appeals court here was careful to detail the statutory requirements for finding guilt as to each of the three counts on which Martin was tried.[93]  Then, the court reviewed the trial testimony of Sherman Laney, quoted earlier, and concluded that Laney's

---

[90] ECF # 6 at 38, citing *State v. Roe*, 41 Ohio St. 3d 18, 25, 535 N.E.2d 1351, 1360 (1989).

[91] *Id.*

[92] *See*, ECF # 6-1 at 315.

[93] *Id.* at 64-65.

testimony provided a basis for the jury to conclude that Martin lit a lighter close to a gasoline tank and hose, overtly threatening to blow them both up and stating that Laney would be dead before his 911 call could be answered.[94]

In addition, though no explosion actually occurred, the appeals court cited evidence adduced at trial that if Martin had been successful and explosion had occurred, "the results would have been catastrophic to both people living nearby and to property."[95]  From this evidence, the appellate opinion concluded that, although Martin did not cause physical harm to anyone, it is the attempt to cause physical harm that is relevant to the charges of felonious assault, attempted aggravated arson, and attempted arson, and the evidence showed that the jury did not lose its way in finding Martin guilty on these charges.[96]

The well-established rule for sufficiency of the evidence claims is set forth in *Jackson v. Virginia*:[97] sufficient evidence supports a conviction if, after viewing the evidence (and reasonable inferences to be drawn therefrom) in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt.[98]  Here, as the state appellate opinion notes, there was ample evidence, viewed in the light most favorable to the prosecution, by which any reasonable juror could

---

[94] *Id*. at 65.

[95] *Id*. at 65-66.

[96] *Id*. at 66.

[97] *Jackson v. Virginia*, 443 U.S. 307 (1979)

[98] *Id*. at 324.

have found Martin guilty of all three offenses beyond a reasonable doubt.  Thus, even if Martin's appellate counsel could have raised this claim, there is no *Strickland* prejudice for failing to assert it, since the results of the appeal would not have been different.

In sum, for the reasons stated,  I recommend denying Martin's second ground for habeas relief because, after *de novo* review, the claim that his appellate counsel was ineffective is without merit.

## Conclusion

For the foregoing reasons, I recommend that Wilburn F. Martin's petition for a writ of habeas corpus be dismissed in part and denied in part.


Dated:   August 27, 2010                          s/ William H. Baughman, Jr.
                                                  United States Magistrate Judge


## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.[99]

---

[99] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).