**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Wilburn F. Martin,** | ) | **CASE NO. 5:09 CV 2158** |
| | ) | |
| Petitioner, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Michelle Eberlin Miller, Warden,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Respondent. | ) | |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Baughman (Doc. 7), which recommends that the Petition for Writ of Habeas Corpus now pending before the Court be dismissed in part and denied in part.  For the following reasons, the Report and Recommendation is ACCEPTED as modified herein.

**INTRODUCTION**

Petitioner, Wilburn Martin, commenced this action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  Petitioner is incarcerated following his conviction by a jury on one count of felonious assault, one count of attempted aggravated arson, and one count of attempted arson.  He is serving a five-year sentence.  Respondent filed a return of writ,

1

petitioner filed no traverse, and the Magistrate Judge issued his Report and Recommendation recommending that the Petition be dismissed in part and denied in part. Petitioner has filed Objections to the Report and Recommendation. Respondent has filed Responses to Petitioner's Objections.

### STANDARD OF REVIEW

Rule 8(b)(4) of the Rules Governing Section 2254 Cases in the United States District Courts provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

### DISCUSSION

The Petition sets forth two grounds for relief:

> Ground One: State of Ohio, claim through the Stark County Common Pleas Court: went against the manifest weight of the evidence.
>
> Supporting Facts: Whether the jury verdict finding petitioner guilty of felonious assault; attempted aggravated arson/attempted arson was against the manifest weight of the evidence in violation of the 14th Amendment to the U.S. Constitution.
>
> Ground Two: Petitioner received ineffective assistance of appellate counsel/rights guaranteed to him under the U.S. Constitution.
>
> Supporting Facts: Whether the Petitioner received ineffective assistance of appellate counsel/rights guaranteed to him by and through the Fifth; Sixth; and 14th Amendment [sic] of the United States Constitution.

Magistrate Judge Baughman concluded that Ground One was not cognizable on habeas review and should be dismissed, and that Ground Two is without merit.

### A. Ground One

Although petitioner states his objections in a very general way, he appears to be objecting to the Magistrate Judge's conclusion that Ground One is not cognizable on habeas review and argues that his counsel was ineffective and for that reason he is excused from not presenting the issue to the state appeals court. Upon review, the Court agrees with the Magistrate Judge that Ground One is not cognizable on habeas review. The Magistrate Judge's recommendation was not based on a conclusion that petitioner was procedurally defaulted as to Ground One, but that a claim that a conviction is against the manifest weight of the evidence is purely a matter of state law that does not implicate constitutional concerns. Accordingly, the Court accepts the Magistrate Judge's recommendation as to Ground One.

### B. Ground Two

The Magistrate Judge concluded that Ground Two, while exhausted, is without merit. Petitioner objects generally to the Magistrate Judge's conclusion but does not address the Magistrate Judge's specific findings. Respondent, on the other hand, continues to advance the argument that petitioner's ineffective assistance of counsel claim is not yet exhausted. In addition to reasserting the arguments in its return of writ, respondent additionally argues in its Responses to Petitioner's Objections that petitioner's ineffective assistance of appellate counsel claim is not evident from the record, and that petitioner has not had the opportunity to file affidavits and other material in support of his claim, as such supporting materials may not be filed in a direct appeal to the Ohio Supreme Court unless it accepts jurisdiction.

Upon review, the Court finds that petitioner's ineffective assistance of counsel claim is not yet exhausted because petitioner has not filed an Ohio Appellate Rule 26(B) application.

The Ohio Supreme Court has described the Rule 26(B) application as follows:

> The provisions of App. R. 26(B) were specifically designed to provide for a specialized type of postconviction process. The rule was designed to offer defendants a separate collateral opportunity to raise ineffective-appellate-counsel claims beyond the opportunities that exist through traditional motions for reconsideration and discretionary appeals to our court or the Supreme Court of the United States.

*State v. Davis,* 894 N.E.2d 1221, 1225 (Ohio 2008) (citations omitted). The court further held that a Rule 26(B) application is essential to a full review of an ineffective assistance of appellate counsel claim:

> App. R. 26(B) creates a special procedure for a thorough determination of a defendant's allegations of ineffective assistance of counsel. The rule creates a separate forum where persons with allegedly deficient appellate counsel can vindicate their rights. A substantive review of the claim is an essential part of a timely filed App. R. 26(B) application. Because a claim for ineffective assistance of appellate counsel arises in the appellate court, and because this court's jurisdiction in most cases is discretionary, if this court's denial of jurisdiction were considered res judicata on the issue of ineffective assistance of appellate counsel -- thus foreclosing a substantive App. R. 26(B) review -- a defendant like Davis would never have an opportunity to fully present his case to any court. That result would run counter to our recognition of effective appellate counsel as a constitutional right guaranteed to all defendants.

Petitioner presented his claim for ineffective assistance of counsel to the Ohio Supreme Court in his direct appeal, but the court did not rule on the merits of the claim and declined to exercise jurisdiction. The Court therefore modifies Magistrate Judge Baughman's Report and Recommendation as follows: Ground Two is not yet exhausted because petitioner may file a Rule 26(B) application to address his ineffective assistance of counsel claim in the state court of appeals. Although the time for petitioner to timely file a Rule 26(B) application has expired,

4

petitioner may still file an untimely application if he can show good cause. Ohio App. R. 26(B)(1). Accordingly, Ground Two is dismissed because it is not yet exhausted.

## **CONCLUSION**

For the reasons set forth herein and for the reasons set forth in the Magistrate Judge's Report and Recommendation, the Petition for Writ of Habeas Corpus is hereby DISMISSED as not stating a claim cognizable on habeas review as to Ground One and as not yet exhausted as to Ground Two. For the reasons stated above and in the Report and Recommendation, this Court finds no basis upon which to issue a certificate of appealablity.

IT IS SO ORDERED.


/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge


Dated: 10/25/10